JOSEPH W. MATTHEWS, Governor, &c., *vs.* JAMES LEE et al.

The statute of the State does not designate any particular sum as the penalty of a tax collector's bond; but only says, it "shall be of the penalty of the full amount, with ten per cent. thereon of the assessment roll of the county, for State and county purposes."

The object of the law in requiring the penalty in such bonds was, to secure the faithful performance of the tax collector's duties.

It was the evident intention of the statute, that the bonds of tax collecters should be in a sum at least equal to the "amount and ten per cent. thereon of the assessment roll" of the county.

A bond voluntarily given by a tax collector in a larger sum than the amount of the assessment roll and ten per cent. thereon, does not violate either the letter or the spirit of the statute. *Held*, that the plea of the defendants is no bar to the action.

IN error from the circuit court of Clark county; Hon. John Watts, judge.

Matthews *v.* Lee et al.

This was an action of debt instituted in the circuit court of Clark county, at the October term, 1848, by the Governor of the State, against James Lee and sureties, upon his official bond given as tax collector of said county, for failing and neglecting to collect the taxes assessed for the county, due the State, for the year 1846. The defendants plead a number of pleas to the declaration of plaintiff, and one of the pleas filed by defendants was, that the bond sued on was conditional in a penalty greater than the full amount with ten per cent. thereon, of the assessment roll of the county for State and county purposes, which plea was replied to by the plaintiff, that the act of the legislature of 1844 changed the amount of the penalty of the tax collector's bond of said county; but previous to that change the penalty was $5,000, and the judge of the probate court who took the bond was ignorant of the change in the law at the time he approved the bond, and the parties in making and re-receiving the bond intended to conform to the law and not evade it.

This replication was stricken out on motion of defendants, and judgment rendered for them on the plea, when the plaintiff prayed this writ of error.

*Glenn,* attorney-general, for appellant, argued the case.

*A. B. Dawson,* for appellee.

The principal question, and, in fact, the only one necessary for this court to determine, is raised by the pleadings in the cause. The third plea of the defendants avers that the assessment roll for the year 1845, with ten per cent. thereon, amounted to the sum of three thousand dollars; this fact the plaintiffs admit. The act of 1844, approved 24th February, requires that "the bonds of tax collectors shall be of the penalty of the full amount with ten per cent. thereon of the tax assessment roll of the county for State and county purposes." The bond now sued upon is in the penalty of five thousand dollars; an amount much greater than the defendants were required to give; and the main reason given by the plaintiff in his replication for the mistake, was, the ignorance of the State's agent in taking

Matthews *v.* Lee et al.

the bond.   The principle raised in this case has been fully examined by several of the courts of the United States, and particularly by the supreme court of the United States, in the case of the *United States* v. *Gordon & Shepherd*, 1 Brock. R. 190.   That court decides that "a statutory bond taken in a penalty greater than that prescribed by law is void, whether the statute prescribes a specific sum as a penalty, or a standard by which that penalty is to be measured, so as to give a precise sum."   The same general principle is decided by the same court in the case of *Dixon* v. *United States*, 1 Brock. 177; *United States* v. *Howells*, 4 Wash, C. C. R. 620; *Armstrong* v. *United States*, Pet. C. C. R. 46; *United States* v. *Brown's Administrator*, Gilpin, R. 155; 8 Shep. 385.

*Guion* and *Baine* filed an elaborate brief on the same side.

Mr. Justice YERGER delivered the opinion of the court.

An action was instituted in the circuit court of Clark county against the defendants in error, upon a bond executed by Lee and sureties for the faithful performance by Lee of the duties of tax collector.   The bond bears date the 13th November, 1845, and is made payable to Albert G. Brown and his successors in office.   The penalty of the bond is the sum of $5,000.

By one of the pleas, it is alleged that this penalty was "greater than the full amount, with ten per cent. thereon, of the assessment roll of the county for State and county purposes."

To this plea there was a replication, that "previous to the act of the legislature of 24th February, 1844, the penalty of the tax collector's bond, as fixed by law for the county of Clark, was $5,000; and that the judge of probate who took the bond was ignorant that the legislature had changed the penalty, and that the parties in making and receiving the bond intended to conform to the law, and that this bond was taken without any intention to evade the statute."

This replication, on motion of the defendants, was stricken out, and judgment given on the plea in their favor.

If the plea contained a good defence to the action, the repli-

Matthews *v.* Lee et al.

cation was insufficient, and on demurrer should have been adjudged bad. But instead of ordering the replication to be stricken out, the defendants should have been put to their demurrer, in order that the court could have examined into the sufficiency of the plea. And even on the motion to strike out, the court should have examined the plea, and if it was not a bar to the plaintiff's right of recovery, the judgment should have been that the defendants plead over.

Was the plea good? The forty-sixth section of the act of 24th February, 1844, provides that "every tax collector of this State, before he enters upon the duties of his office, shall execute a bond with two or more sufficient securities, to be approved by the judge of probate of his county, payable, &c., which bond shall be of the penalty of the full amount with ten per cent. thereon, of the assessment roll of the county for State and county purposes." It has been held in a number of cases, and the rule is just and reasonable, that if a public officer, voluntarily and without fraud, oppression, or circumvention being used for the purpose of procuring it, execute a bond with sureties in a larger or smaller penalty than is prescribed in the statute, the parties executing it will be liable for its breach. 2 Hawks, 366; 9 Cranch, 28; 2 Bibb, 186; 1 Ib. 192; 2 Hawks, 1; 2 McCord, 107; 2 Bailey, 362.

In several of the cases it is declared, that where these official bonds are made payable to the governor and his successors in office in a penalty different from that prescribed by the statute, although they are valid as voluntary common law obligations, yet they are void as statutory bonds, and cannot be enforced in the summary manner directed by the statute, nor can an action be maintained on them in the name of the successor. 2 Hawks, 1; 1 Dev. 153.

On this point we do not deem it necessary to express any opinion, as the bond conforms, in our opinion, to the requirements of the statute. No precise sum is designated by law as the penalty of the bond. The statute says it "shall be of the penalty of the full amount with ten per cent. thereon of the assessment roll of the county for State and county purposes."

The sole object of the law in requiring this penalty, was to

secure the faithful performance of the tax collector's duties. By it a minimum penalty was fixed, making it the duty of the judge of probate to approve no bond in a less penalty. The penalty so fixed was also the maximum, which the judge of probate could require as a condition of his approval.

The evident meaning of the statute is, that the bonds of the tax collector shall be in a sum at least equal to the "amount and ten per cent. thereon of the assessment roll." The law says, it shall be of the "full amount" of that sum. It does not say that it shall not be in a larger sum; and as the object in requiring any bond was to obtain full security, we do not think a bond voluntarily given by the officer in a larger sum than the amount of the assessment roll and ten per cent. thereon, violates either the letter or spirit of the statute.

If the bond was not given voluntarily, the plea should have so averred. We are of opinion that this plea of the defendants was no bar to the action. We, therefore, reverse the judgment of the court below, and remand the cause, with liberty to the defendants to amend their pleading.